```
                                          FILED
                                CLERK, U.S. DISTRICT COURT

                                       12/13/2022

                                CENTRAL DISTRICT OF CALIFORNIA
                                BY: ___cd___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JEREMIAH SAM EVANS MILLER,<br>　aka "John The Dev,"<br><br>　　　　Defendant. | No. CR 2:22-cr-00582-FMO<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1030(a)(5)(A), (b), (c)(4)(B)(i), (c)(4)(A)(i)(VI): Unauthorized Impairment of a Protected Computer] |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 371]

A.  OBJECT OF THE CONSPIRACY

Beginning no later than June 2020 and continuing to on or about March 8, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant JEREMIAH SAM EVANS MILLER ("MILLER") and others known and unknown to the United States Attorney, knowingly conspired and agreed with each other to knowingly cause the transmission of programs, information, codes, and commands, and as a result of such conduct, intentionally cause damage without authorization to protected computers, and specifically to cause such

damage affecting ten or more protected computers during a one-year period, in violation of Title 18, United States Code, Section 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(VI).

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendant MILLER would offer services via the website Royalstresser.com, which was previously known as Supremesecurityteam.com, that would allow his subscribers, for a fee, to cause floods of Internet traffic to be directed to victim computers, an online attack technique known as "Distributed Denial of Service" or "DDoS," for the purpose of degrading or disrupting the victim computers' access to the Internet.

2.   Defendant MILLER would construct these DDoS attacks to use a practice known as "amplification," meaning that brief commands sent to third-party computers and devices would cause much longer strings of data to be sent back in response.

3.   Defendant MILLER would construct the attacks in such a manner as to disguise the true origin of the electronic queries sent to such computers and devices, so that the computers and devices sending the floods of Internet traffic perceived the queries to be coming from the victim computers rather than MILLER or his subscribers, a practice known as "spoofing."

4.   Defendant MILLER would maintain and improve the Royalstresser.com website and services, respond to requests for attacks, subscriptions, or assistance from potential or current customers, and market the Royalstresser.com website in an attempt to

draw subscribers to Royalstresser.com and away from other competitor websites.

C. OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant MILLER and others committed various overt acts within the Central District of California, and elsewhere, including but not limited to the following:

Overt Act No. 1:   On July 12, 2021, in response to a customer asking whether any of the attack methods available on Royalstresser.com could "hit a game server, specifically Apex Legends," defendant MILLER stated, "yes we have multiple game methods and botnet methods that affect apex."

Overt Act No. 2:   On July 30, 2021, in response to a customer complaining that a Royalstresser.com attack was showing "no sign of any impact" on the desired victim, defendant MILLER responded "[i]f you have attacked [that victim] before it is likely now filtering our attack."

Overt Act No. 3:   On November 26, 2021, in response to a customer who had inquired about needing a "test Pubg," defendant MILLER stated, "yes it is still effective but you must b[u]y a plan," and when asked whether the plan would work and which plan would be appropriate, MILLER stated, "it will work 😊  I will help you if it doesn't 😊  Premium network [plan] recommended for game servers."

Overt Act No. 4:   On November 30, 2021, an unindicted co-conspirator who was a customer of Royalstresser.com used the Royalstresser.com service to conduct a DDoS attack on a victim located in Los Angeles, California.

1   <u>Overt Act No. 5:</u>   On December 30, 2021, defendant MILLER sent a message to a potential customer of the Royalstresser.com website stating, "I still currently run royal Stresser and I will always power it."

<u>Overt Act No. 6:</u>   On January 26, 2022, an unindicted co-conspirator who was a customer of Royalstresser.com used the Royalstresser.com service to conduct a DDoS attack on a victim located in Irvine, California.

<u>Overt Act No. 7:</u>   On an unknown date between June 2020 and March 8, 2022, defendant MILLER posted on the Royalstresser.com website under the heading "Legal Information?" within the "FAQ" section, "No Legal obligations, all test[s] are sent directly through our spoofed servers never to be traced back[] to origin."

<u>Overt Act No. 8:</u>   On February 28, 2022, in response to a potential customer asking for a quote for a "custom plan" designed to conduct attacks for 600 seconds with "API access," defendant MILLER stated, "$150 😊".

COUNT TWO

[18 U.S.C. § 1030(a)(5)(A), (b), (c)(4)(B)(i), (c)(4)(A)(i)(VI)]

Beginning no later than June 2020 and continuing to on or about March 8, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant JEREMIAH SAM EVANS MILLER knowingly caused the transmission of programs, information, codes, and commands, and as a result of such conduct, intentionally and without authorization caused damage and attempted to cause damage by impairing the integrity and availability of data, programs, systems, and information on protected computers, as that term is defined in Title 18 United States Code, Section 1030(e)(2)(B), thereby causing and attempting to cause damage affecting ten or more protected computers during a one-year period beginning on or about March 8, 2021.

FORFEITURE ALLEGATION

[18 U.S.C. § 1030]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1030, in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Information.

2.  The defendant so convicted shall forfeit to the United States of America the following:

   a.  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

   b.  Any property used or intended to be used to commit the offense; and

   c.  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

*/s/ Annamartine Salick*

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, Cyber & Intellectual
Property Crimes Section

AARON FRUMKIN
Assistant United States Attorney
Cyber & Intellectual Property
Crimes Section